IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABRAHAMS KASLOW & CASSMAN LLP, <br><br> Plaintiff, <br><br> vs. <br><br> JULIE M. KINNISON, Individually, and TYLER FRY, as Personal Representative of Estate of R. Craig Fry, <br><br> Defendants. | **8:23CV328** <br><br> **ORDER** |

This matter is before the Court on Defendant Julie Kinnison's motion to dismiss for failure to state a claim, Filing No. 9, and Plaintiff Abrahams, Kaslow & Cassman, LLP's ("AKC's") amended complaint for interpleader, Filing No. 5. Kinnison moves this Court to dismiss AKC's amended complaint with prejudice because she claims the funds AKC seeks to interplead are not in dispute.

I.   BACKGROUND

AKC is a Limited Liability Partnership authorized to practice law in the State of Nebraska. Filing No. 5 at 1. It is the plan sponsor and plan administrator of the AKC 401(k) profit sharing plan of which Ronald Craig Fry (R.C. Fry), now deceased, was a participant. *Id.* Kinnison is the surviving spouse of R.C. Fry and sought a portion of the funds in the R.C. Fry Account in a state-court probate action. *Id.* at 2. Tyler Fry is the current personal representative of the estate, and one of R.C. Fry's children who claims an interest in the R.C. Fry account, both on behalf of the estate, and for himself as an heir. *Id.* AKC now seeks to interplead the funds remaining in the R.C. Fry Account.

1

## II. ANALYSIS

### A. Standard of Review

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *See id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

**B. Motion to Dismiss Interpleader Action**

AKC requests the Court to resolve competing claims among the potential beneficiaries to the R.C. Fry 401(k) plan, Tyler Fry and Kinnison. Filing No. 5 at 3. AKC alleges that in the state court probate action, Kinnison entered into a settlement agreement with the estate administrator specifying that she would receive $750,000 from R.C. Fry's retirement and 401(k) accounts. *Id.* at 4. Kinnison then filed a case in this Court against AKC, alleging that she should have received more of R.C. Fry's retirement account but for AKC's malfeasance during its legal representation of the R.C. Fry estate's personal representative. *See Kinnison v. Abrahams Kaslow & Cassman, LLP*, Case No. 8:23-cv-42. Kinnison claims that AKC failed to inform her she was a plan beneficiary, thereby breaching its fiduciary duties and inducing her to compromise the benefits due to her under the Plan. In ruling on AKC's motion to dismiss in the related case, the Court noted that Kinnison could only recover restitution, not compensatory damages. Case No. 8:23-cv-42, Filing No. 29 at 5–6. The Court noted that while the type of damages Kinnison sought appeared compensatory in nature (for "the damages and losses caused by the Defendant"), it was possible they could be considered restitution, depending on the facts. Case No. 8:23-cv-42, Filing No. 29 at 6. The Court concluded that further discovery was warranted to flesh out the nature of the damages Kinnison seeks. *Id.*

In the present case, AKC moves to interplead the R.C. Fry Account funds pursuant to Fed. R. Civ. P. 22. Under that rule, a plaintiff must show that it may be exposed to "double or multiple liability" should the persons not be joined as defendants. Fed. R. Civ. P. 22(a)(1). In determining whether interpleader is the proper procedure, there must be a showing by the stakeholder demonstrating the existence of adverse claimants to the

3

funds in question. See *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976). Should the Court determine that interpleader is the appropriate procedural vehicle, the Court "may make any other order that is appropriate and convenient for the resolution of the competing claims." *Vanderlinden v. Metro. Life Ins. Co.*, 137 F. Supp. 2d 1160, 1164 (D. Neb. 2001) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1714 at 624–27 (3d ed. 2001)).

Kinnison argues in her motion to dismiss (Filing No. 9 at 2) that an interpleader action is improper because her second amended complaint in the related case (Case No. 8:23-cv-42, Filing No. 30) does not seek money from the R.C. Fry Plan Account and, therefore, there is no actual controversy as to who is entitled to those funds. However, this argument makes little sense as Kinnison does not identify another source of funds to which she may be entitled and her argument is premised on AKC allegedly impairing her ability to obtain the full benefit as a beneficiary to the R.C. Fry Plan, not to any other source of money. Because a plaintiff is limited to equitable relief on ERSIA claims, Kinnison's remedy in the related case must seek recovery from a specifically identifiable fund, not AKC's "assets generally." *Montanile v. Bd. of Trs. of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 144 (2016) (quoting *Sereboff v. Mid Atlantic Med. Servs., Inc.*, 547 U.S. 356, 362–63 (2006)). This principle is related to the Court's prior holding that Kinnison cannot seek compensatory damages from AKC, only equitable damages. Kinnison's claim for damages in the related case and the source from which she seeks to recover such damages remains, at best, in need of further elucidation. AKC has therefore made a showing that the funds in question are subject to claims by multiple adverse parties. As the Court concluded in the related case, further discovery is warranted to

determine the exact nature of the damages Kinnison seeks and whether they are recoverable. In the meantime, AKC is permitted to interplead the funds but will not be dismissed from the case until the exact nature of the relief Kinnison seeks is made clear.

### C. Requests for Dismissal and Declaratory Relief

In addition to seeking to interplead the disputed funds, AKC also seeks dismissal from the case and requests declaratory relief. Filing No. 13 at 7. As to the latter, AKC seeks a declaration that it has no further liability to Kinnison or any other plan beneficiary. Filing No. 5 at 7–8.

The Eight Circuit has held that declarations are an appropriate form of equitable relief permitted under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), so long as the declaratory relief sought pertains to prospective rights and liability; relief for retrospective claims or money damages from plaintiff's general asserts are not permitted. *Dakotas & W. Minnesota Elec. Indus. Health & Welfare Fund by Stainbrook & Christian v. First Agency, Inc.*, 865 F.3d 1098, 1102–03 (8th Cir. 2017). For declaratory relief to be equitable, there must be a clear understanding of "both the basis for the claim and the particular remedy sought." *Montanile*, 577 U.S. at 143.

As with the nature of the remedy Kinnison seeks, whether AKC can be declared to have no further liability is not an issue that can be resolved at this stage of the case. The Court also notes that the declaratory relief AKC seeks in the case at hand is similar to that which it seeks in the related case, Case No. 8:23-cv-42, Filing No. 31 at 23–24 (AKC's counterclaim for declaratory relief). Given the similarity of the issues and relief sought, continued discovery and/or resolution of the related case will likely aid in the resolution of

the present case as well.[1]  Accordingly, dismissal of AKC and a ruling on its request for declaratory relief is premature.

**THEREFORE, IT IS ORDERED THAT**

1. Defendant's motion to dismiss (Filing No. 9) is denied.

2. Plaintiff's request to interplead the disputed funds at issue in this case (Filing No. 5 at 8) is granted.  Plaintiff is granted leave to deposit the funds in the R.C. Fry Account, including any applicable interest, into the Court's Registry.

3. Plaintiff's requests to be dismissed and for declaratory relief are to be decided at a later date consistent with this Order.

Dated this 23rd day of April, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[1] The Court notes the related case was recently stayed pending mediation which may resolve the issues in both cases should it prove successful.  *See* Case No. 8:23-cv-42 at Filing No. 40.  If the parties believe a stay in the present case is warranted as well, they should contact the Magistrate Judge's chambers.